SAMANTHA C. GRANT (SBN 198130)
sgrant@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, California 90067-6078
Telephone:    310-734-5200
Facsimile:    310-734-5299

BRIAN M. NOH (SBN 293564)
bnoh@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071-1514
Telephone:    213-457-8000
Facsimile:    213-457 8080

Attorneys for Defendant
SCALED COMPOSITES, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AMADOR, an Individual<br><br>              Plaintiff,<br><br>    vs.<br><br>SCALED COMPOSITES, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, Inclusive,<br><br>           Defendants. | Case No.:<br><br>(Removed from County of Kern Case No. 25CUB00944)<br><br>**DEFENDANT SCALED COMPOSITES NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(Diversity Jurisdiction 28 U.S.C. §§ 1332 and 1441)<br><br>[*Filed concurrently with Civil Cover Sheet, Declarations of Brian M. Noh and Susie Choung, and Corporate Disclosure Statement*] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on this date, Defendant Scaled Composites, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of California for the County of Kern to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332 and 1441. Defendant removes this action pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff Carlos Amador ("Plaintiff"), on the one hand, and Defendant, on the other hand, and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court of California for the County of Kern. *See* 28 U.S.C. section 1446(d).

Defendant removes this action to United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

1.      On December 12, 2025, Plaintiff filed a complaint (the "Complaint") entitled *Carlos Amador v. Defendant Scaled Composites, LLC,* Case No. 25CUB00944, in the Superior Court of the State of California for the County of Kern (the "State Court Action").

2.      On December 18, 2025, Plaintiff served Defendant with the Summons and Complaint in the State Court Action. A true and correct copy of the Complaint served on Defendant is attached as **Exhibit A** to the Declaration of Brian M. Noh ("Noh Decl."). A true and correct copy of the Summons served on Defendant is attached to the Noh Decl. as **Exhibit B**.

3.      On December 15, 2025, the court in the State Court Action issued a Notice of Case Assignment, Order to Show Cause, and Case Management Conference, a true and correct copy of which is attached to the Noh Decl. as **Exhibit C**.

4.      On January 14, 2026, Defendant filed and served an Answer in the State Court Action. A true and correct copy of the Answer is attached to the Noh Decl. as **Exhibit D**.

5.      **Copies of All Process, Pleadings and Orders.** The Summons, Complaint, Notice of Case Assignment, Order to Show Cause, and Case Management Conference, and Answer (Exhibits

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-2-

DEFENDANT SCALED COMPOSITES' NOTICE OF REMOVAL OF CIVIL ACTION

A-D to the Noh Decl.) constitute all process, pleadings and orders in the State Court Action within the meaning of 28 U.S.C. section 1446(a).

6. **All Named Defendants Join in Removal.** Defendant is the only named defendant in this action and the only defendant served with the Summons and Complaint, so there are no other defendants to join in this Notice of Removal. 28 U.S.C. § 1441(a).

7. **Removal is Timely.** This Notice of Removal is being filed within thirty (30) days after the State Court Action became subject to removal on December 18, 2025 and within one year of the date the State Court Action was filed on December 12, 2025. Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b).

8. **Proper Venue.** The United States District Court for the Eastern District of California is the District within which said Superior Court of California for the County of Kern case is pending.

## DIVERSITY JURISDICTION

9. This Court has original jurisdiction of this action based upon diversity of citizenship under 28 U.S.C. section 1332. Defendant may remove the State Court Action to this Court, pursuant to the provisions of 28 U.S.C. section 1441(b), because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists because:

10. **Plaintiff's Citizenship.** Allegations on information and belief as to citizenship are sufficient to support removal. *See Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Defendant is informed and believes that Plaintiff is at the time of filing this Notice of Removal and was, at the time of filing his Complaint, a citizen of the State of California, within the meaning of 28 U.S.C. Section 1332(a).

11. **Defendant's Citizenship.** Defendant is now and was, at the time of filing the State Court Action, a citizen of the States of Delaware and Virginia and not California. *See* Declaration of Susie Choung ("Choung Decl."), ¶¶ 2-4. For diversity purposes, limited liability companies are "citizen[s] of every state of which [their] owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

12.     Defendant is a limited liability company. *See* Choung Decl., ¶ 2. The sole owner and member of Defendant is Allied Holdings, Inc. ("Allied Holdings"). *Id*. Thus, Defendant's citizenship for diversity purposes is every state in which Allied Holdings is a citizen.

13.     Allied Holdings is now and was, at the time of filing the State Court Action, a citizen of Delaware and Virginia and not California, as shown below. Pursuant to 28 U.S.C. section 1332(c)(1), a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and . . . where it has a principal place of business." Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010). Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 1183. The nerve center "should normally be the place where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

14.     Allied Holdings is incorporated in the State of Delaware. Choung Decl., ¶ 3. Allied Holdings' principal place of business is at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, in the State of Virginia, as established by the following facts: The headquarters, the principal operations center, and the place of Northrop's high level officers who direct and control the operations , as of the date of the filing of the Complaint and now, are in Falls Church, Virginia. *See id*. at ¶ 3-4. Its corporate headquarters is in Falls Church, Virginia. *Id*. Northrop's headquarters is where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised. *Id*. As such, Allied Holdings is a citizen of the State of Delaware and the State of Virginia and is not a citizen of the State of California. Therefore, Plaintiff and Defendant are citizens of different states.

15.     **The Amount in Controversy Exceeds $75,000.** Where a plaintiff does not specify a particular amount of damages in the Complaint, a removing defendant must show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v.*

– 4 –

*Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, Defendant needs to show only that there is a "reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377.

16.    The amount in controversy is based on the assumption that a plaintiff's allegations are true and that a plaintiff will prevail on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

17.    **Damages Sought.** Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Defendant), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Although Plaintiff does not pray for a specific dollar amount in his Complaint, he alleges causes of action under the Fair Employment and Housing Act ("FEHA") and damages for: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Retaliation; (5) Wrongful Termination; and (6) Failure to Prevent Discrimination and Harassment; and (7) Sexual Harassment. *See* Noh Decl., Exh. A (Complaint). Plaintiff further alleges causes of action under the Labor Code and damages for: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Provide Itemized Wage Statements; and (4) Unfair Business Practices. *Id.*

In his Complaint, Plaintiff alleges that he has suffered economic harm in the form of lost wages and seeks damages for loss of income and benefits. *See id.*, ¶¶ 33, 43, 51, 59, 67, 74, 81, Prayer, ¶ 1, 2. Plaintiff also alleges emotional distress and seeks related damages. *See id.*, Exh. A (Complaint), ¶¶

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 5 –

33, 43, 51, 59, 67, 74, 81, Prayer, ¶ 4. In addition, Plaintiff seeks attorneys' fees. *See id.*, Exh. A (Complaint) ¶¶ 106, Prayer, ¶ 9. Finally, Plaintiff seeks punitive damages. *See id.*, Exh. A (Complaint) Prayer ¶ 8. The amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Based on Plaintiff's allegations and prayer, that amount exceeds $75,000.

18.   **Lost Earnings and Other Employment Benefits**. In his Complaint, Plaintiff alleges lost wages and benefits. *See* Noh Decl., Exh. A (Complaint), ¶¶ 33, 43, 51, 59, 67, 74, 81. Plaintiff alleges that Defendant terminated his employment effective June 25, 2025 and, at that time, he was a non-exempt employee, working nine hour shifts, frequently exceeding 40 hours per week, and earning a base pay of $32 per hour. *See* Complaint, ¶¶ 11, 26. A reasonable estimate of Plaintiff's claimed lost wages from the time of the termination of his employment (June 25, 2025) through trial, assuming the trial takes place one year from the date of this removal would be **$103,680** based on Plaintiff's alleged base pay and hours ($32 x 40 hours/week x 81 weeks). *See id.*; s*ee Chavez*, 888 F.3d at 416 (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious" including both past and future lost wages). This amount of potential compensatory damages does not include recoverable lost employment benefits, and the other potential damages Plaintiff seeks, as set forth below, which increases alleged Plaintiff's economic losses. This amount also does not include the penalties, reimbursement and wages Plaintiff seeks for his alleged claims for failure to provide meal and rest periods and accurate wage statements, failure to reimburse business expenses, and unfair business practices, which increase the amount in controversy.

19.   **Compensation for Emotional Distress**. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In disability discrimination lawsuits, emotional distress damages can be substantial, and California juries frequently award emotional distress damages in excess of $75,000 requirement. For example, in *Hernandez v. Regents of the Univ. of California*, Alameda County Superior Court Case No. RG06272564 (September 25, 2009), the plaintiff was awarded $90,000 for emotional distress damages

– 6 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

where she alleged that her employer failed to accommodate her disability and discriminated against her due to her disability by terminating her employment. In *Izaguirre v. International Coffee & Tea*, No. BC486877, 2013 WL 6624243, at *2 (Cal. Super. Ct. September 26, 2013), the plaintiff was awarded $80,000 in non-economic damages where she alleged that after she returned to work from protected leave, she was terminated.

Here, Plaintiff seeks emotional distress damages, resulting from the alleged wrongful termination, discrimination, and retaliation. *See* Noh Decl., Exh. A (Complaint), ¶¶ 33, 43, 51, 59, 67, 74, 81, Prayer, ¶ 1, 2. Indeed, Plaintiff alleges that he "has suffered and continues to suffer . . . ongoing emotional distress, humiliation, and mental anguish." *Id*. at ¶¶ 33, 43, 51, 59, 67, 74, 81. Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to estimate that Plaintiff will seek at least **$75,000** for emotional distress damages.

20. **Punitive Damages**. Plaintiff also seeks punitive damages. *See* Noh Decl., Exh. A (Complaint) Prayer ¶ 8. Punitive damages are recoverable in discrimination actions. *See Commodore Home Systems, Inc. v. Superior Court,* 32 Cal. 3d 211, 221 (1982). Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Here, as shown above, Plaintiff is seeking compensatory general damages of at least $178,680 ($103,680 in lost wages plus at least $75,000 in emotional distress damages). Although *State Farm* found a 2:1 ratio to be "instructive," applying a more conservative 1:1 ratio of Plaintiff's compensatory (wages and emotional distress) with a potential punitive damages award, for the purpose of determining jurisdiction, it is reasonable to find that based on the allegations in his Complaint, Plaintiff has put at least **$178,680 in punitive damages in controversy.** Therefore, before taking into account his attorneys' fees demand,

– 7 –

Plaintiff has conservatively placed **$357,360** in controversy (**$178,680** for alleged lost wages and emotional distress and **$178,680** in punitive damages).

21. **Attorneys' Fees**. Plaintiff also seeks to recover attorneys' fees. Noh Decl., Exh. A (Complaint), ¶¶ 106, Prayer, ¶ 9. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in the amount in controversy, regardless of whether an award is discretionary or mandatory). This must include all attorneys' fees likely to be incurred through trial of an action. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation and must be included in the amount in controversy.").

Federal courts in California have granted motions for attorney's fees in similar garden variety employment discrimination cases for hours in excess of 500. *See e.g., Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6503308, at *14 (N.D. Cal. Dec. 11, 2013) (awarding attorneys' fees for 502 billed hours in the amount of $386,235). As such, a reasonable estimate of the attorneys' fees Plaintiff will seek is 250 hours at $300 per hour for a total of **$75,000**. This amount does not even include attorneys' fees for Plaintiff's alleged claims for failure to provide meal and rest periods and accurate wage statements, failure to reimburse business expenses, and unfair business practices, which increase the amount in controversy even more.

22. Based on Plaintiff's allegations and his prayer for relief, **a reasonable estimate of the amount in controversy is $432,360**, which far exceeds the $75,000 jurisdictional threshold.

23. A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Kern and served upon all adverse parties as required by 28 U.S.C. section 1446(d), and an appropriate notice of compliance with 28 U.S.C. section 1446(d) also shall be served and filed in the above-entitled Court.

WHEREFORE, Defendant hereby removes the above-entitled civil action from the Superior Court of the State of California for the County of Los Angeles to this Court.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

Dated: January 15, 2026

REED SMITH LLP

*/s/ Samantha C. Grant*

SAMANTHA C. GRANT
BRIAN M. NOH
Attorneys for Defendant
SCALED COMPOSITES, LLC

– 9 –